[Crim. No. 1534. First Appellate District, Division Two.—May 24, 1929.]

In the Matter of the Application to have WALTER SCHULTZ, a Minor, Adjudged a Ward of the Juvenile Court.

Bryce Swartfager for Appellant.

Carl Barnard, District Attorney, and E. T. Koford, Deputy District Attorney, for Respondent.

NOURSE, J.—This is an appeal from a decree adjudging Walter Schultz a ward of the juvenile court and depriving Jeanette Connors and her mother, Mrs. Lena Connors, of the custody of said ward.

Walter Schultz is an illegitimate child of about five years of age. About four years ago his mother, who has since disappeared, left the child with Jeanette Connors, an unmarried woman, upon the promise to pay her for its care. Miss Connors lived in the home of her mother, Mrs. Lena Connors, and with two adult brothers. The court found, upon evidence amply sufficient for the purpose, that this home was not a fit place for the child because Jeanette Connors had recently given birth to an illegitimate child in the home and that the two sons were men of questionable repute.

On this appeal it is argued that Mrs. Lena Connors has been deprived of the custody of the child without legal process. The record does not show that she was served with process, but it does show that she appeared at the hearing personally and with counsel and made no objection to the want of service. Though the evidence is somewhat conflicting, it was sufficient to support the conclusion that the child had been placed in the custody of Jeanette Connors and that Mrs. Connors was not one upon whom service of process was necessary to confer jurisdiction over the child.

Even so, her voluntary appearance is undisputed and the failure of the minutes to note a waiver of service is in no way prejudicial to her.

It is argued that the findings are insufficient because it adjudged the child a person coming within the provisions of subdivision 13 of section 1 of the Juvenile Court Law (Stats. 1915, p. 1225), whereas the evidence disclosed that he came within the provisions of subdivision 4 of that section. The reference to subdivision 13 was an obvious clerical error which was duly corrected by the court after notice and hearing. It is objected that the trial court was without jurisdiction to so "amend" its findings because the transcript on appeal had then been filed. But that act was not an amendment of findings; it was merely a correction of a clerical error in the decree. It is unnecessary to cite authorities to the rule that a court may correct clerical errors of this character in order to make the decree speak the truth, and that such correction may be made after an appeal has been perfected.

The argument that the evidence is insufficient to support the finding that the home was an unfit place for the child is answered by the statement of the conditions found in the home heretofore made. We do not know what further evidence of vice and immorality appellants contend should have been shown, but we are certain that the very purpose of the law is to empower the juvenile court to take over the custody of children living under such environment as was shown here.

The decree is affirmed.

Sturtevant, J., and Koford, P. J., concurred.